## HIRSCHFIELD *v.* FRANKLIN.

A *cognovit* is good as an admission *in pais* after answer is filed.

If judgment is entered upon the *cognovit* and by its authority, then the amount acknowledged would have been the sum of the judgment; but where upon complaint and answer denying the allegations thereof, the acknowledgment is used as evidence, interest may be given by way of damages.

In an action against defendants jointly indebted, where one only is served, a several judgment may be entered against him.

APPEAL from the District Court of the Fourth Judicial District.

This was an action against L. A. Franklin and A. Dyer to recover the sum of $5,000, the value of certain goods consigned to them by plaintiff to be sold on commission, and which the complaint alleges they have sold, and for the proceeds of which they have failed to account. The complaint also joins as parties defendant one Hyam Joseph, against whom it alleges that the defendant Franklin, in his individual name, has recovered judgment for the purchase money of a portion of the consigned goods, and also the sheriff, in whose hands are certain moneys collected under the judgment; and an injunction to preserve this fund is prayed for. Franklin, who alone appears to have been served, filed an answer denying the allegations of the complaint, and alleging that the plaintiff had been paid $1,000 by Joseph, being in full of his demand.

On the trial the plaintiff proved that soon after the commencement of this action, the defendant Franklin gave to the plaintiff a *cognovit* for the sum of $1,700, under an agreement that execution should not issue for one year under the judgment to be entered thereon; that the *cognovit* was over and above the assignment of the judgment against Hyam Joseph, and was given in January, 1851; it was also proved that the *cognovit* had been destroyed by fire.

Judgment was entered in the Court below, May 16, 1856, against the defendant Franklin, for $1,700 and interest thereon to the amount of $1,062 50.

Defendant Franklin appealed.

*D. Lake* for Appellant.

The only evidence to sanction the judgment, is that soon after the suit was brought, the defendant Lewis A. Franklin gave his separate *cognovit* in the action for $1,700. The Court held that the giving of a *cognovit* was an admission of the cause of action, which it was competent to prove on the trial of the cause, when an answer had subsequently been put in, (by leave of the Court, of course,) which put in issue each and every allegation of the complaint, and that upon such evidence the plaintiff was entitled to recover.

We submit that in this decision, the District Judge clearly erred.

The only office of a *cognovit* is to authorize the plaintiff to enter judgment. It is substantially a confession of judgment. But if subsequently to the giving of the *cognovit,* the Court allow the defendant to come in and defend the action, clearly it is not competent for the plaintiff to introduce the *cognovit* in evidence. The granting leave to answer is virtually setting aside the *cognovit.* The books of practice class *cognovits* among pleas. Now a plea put in by leave of the Court inconsistent with a plea previously pleaded, supersedes the former plea, and it cannot be used for any purpose.

Again, suppose that judgment had been entered on the *cognovit,* and for any cause the Court should set aside the judgment and *cognovit,* and let the defendant in to answer on the merits, in such case it cannot be contended that the *cognovit* would be evidence of the cause of action. And yet such is precisely this case in effect, for certainly the fact that judgment was not entered on the *cognovit,* and that the defendant answered before judgment, does not aid the plaintiffs.

When the Court granted leave to answer, they virtually set aside the *cognovit* for any and all purposes. If it cannot be used for entering judgment, it cannot be used at all, because that was the sole purpose for which it was given. It will not do to say that what it contains may be evidence of an admission *in pais,* which may be disproved, because in the very nature of the case, if competent, it is practically conclusive, since it is generally impossible for the defendant to prove a negative.

But if we are wrong in the foregoing views of the case, we insist the judgment is far too much. The Judge allowed interest from the date of the *cognovit,* which was improper. If the plaintiff desired to secure the interest, he should have entered judgment on the *cognovit.*

There is still another objection. The action is against two joint debtors. Judgment is taken against one without disposing of the case against the other. Such an action cannot be reversed. There is some authority for finding against one joint defendant in favor of the other, but none for severing the action and trying the case as to one, leaving it undetermined as to the other.

*Labatt* for Respondent.

A *cognovit* is an admission of the debt. The testimony shows that a consideration was given that an execution should not issue for one year after. No execution was issued for one year after.

The *cognovit* is a mere acknowledgment of the amount therein set forth as the judgment proper. Court can allow defendant to answer that the *cognovit* was the fruit of surprise or misunderstanding, but upon proof, the *cognovit,* if divested of this, must stand as a judgment upon its own merit.

The interest is a just claim. From 1851, since the *cognovit* was given, the sum therein mentioned became due and settled. Certainly, interest covers the amount since.

One defendant was never served. Franklin alone was served. We

cannot conceive how any judgment can affect Dyer, who never had notice of the suit, or appeared to have knowledge of it.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

1. The *cognovit* was good as an admission *in pais* after answer filed. It might be different if the *cognovit* was set aside by the Court, upon good cause shown, but such was not the fact here. For aught that we can tell from the record, the *cognovit* may have been given after answer filed.

2. If judgment had been entered on the *cognovit*, and by its authority, then the amount acknowledged would have been the sum of the judgment. But where upon declaration and answer denying the facts alleged, the acknowledgment is used as evidence, interest may be given by way of damages.

3. It does not appear that the defendant, Dyer, was served with process, or was ever in Court. For the purpose of sustaining the judgment, it must be intended that he was not. This would authorize a single judgment against the other defendant.

Judgment affirmed.